UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| FAST GROWING TREES, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TYTY PLANT NURSERY, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 0:19-CV-00464-MGL<br><br>**REPLY IN SUPPORT OF SUMMARY JUDGMENT**<br><br>**(Hearing Requested)** |

Defendant TyTy Plant Nursery, LLC, by and through its undersigned counsel, respectfully submits this Reply in Support of its Motion for Summary Judgment. Contrary to Plaintiff's assertions in opposition, this motion is not premature. All of the facts to support this motion have been established and no additional discovery will change the fact that Defendant is entitled to summary judgment as a matter of law.

### I. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON PRIOR USE

#### A. Defendant's Denial of the Validity of the Mark has No Bearing on this Motion.

To the extent Plaintiff takes issue with the fact that Defendant denies use as a mark, Defendant craves reference to its Memorandum in Support, which provides that for purposes of *this motion only*, Defendant will assume Plaintiff's allegations to be true because even if Plaintiff can establish a mark and Defendant's use thereof—which it must do to state a claim for relief—Plaintiff must also establish first use. As plead in the Complaint, Plaintiff's assertion that Defendant's usage of "fast growing trees" in connection with the "advertisement and sale of various plants" constitutes use as a mark will be assumed as true, and with this assumption, Defendant's clear first use of the phrase bars Plaintiff's claims as a matter of law.

1

### B. Defendant's Newly Alleged Narrowed Scope of What it Now Alleges as "Use as a Mark" Cannot be Considered and Does Not Defeat Defendant's First Use.

In response to our motion, Plaintiff now seeks to stray from its allegations of infringement to avoid summary judgment. However, Plaintiff is bound to its pleadings. The doctrine of judicial admissions recognizes that factual allegations made by litigants in their pleadings are binding.  As the United States Supreme Court has held:

> Parties are judicially concluded and bound by the pleadings, unless withdrawn, altered, or stricken by amendment or otherwise.
>
> Allegations, statements, or admissions contained in a pleading are conclusive as against pleader.
>
> Party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings, and facts which are admitted by pleadings are to be taken as true against pleader for purpose of the action.

*Elrod v. All*, 243 S.C. 425, 427, 134 S.E.2d 410, 411 (1964). As the Fourth Circuit Court of Appeals has held:

> A plaintiff should not be allowed to contradict its express factual assertion in an attempt to avoid summary judgment. A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.

*Worsham v. Accounts Receivable Mgmt.*, 497 Fed. Appx. 274, 276 (4th Cir. 2012).

Plaintiff purports to own the alleged trademark "Fast Growing Trees."[1] Plaintiff alleges Defendant "prominently displayed FGT's Mark 'Fast Growing Trees' (collectively with 'Fast-Growing-Trees,' the 'Infringing Marks') in the top banner <u>and in multiple other places on the webpage</u>."[2] (emphasis added). Plaintiff further alleges "Defendant is still using the Infringing

---

[1] See Doc. 1, Complaint filed by Plaintiff, ¶¶ 7-16.

[2] See Doc. 1, Complaint filed by Plaintiff, ¶ 20.

2

FAST GROWING TREES Mark and indeed has done very little to address FGT's infringement concerns" and "Defendant continues to use the Infringing FAST GROWING TREES Mark in multiple places on Defendant's website <u>and in connection with Defendant's advertisement and sale of various plants</u>."[3] (emphasis added).  Therefore, in sum, Plaintiff asserts, alleges, and admits any and all of Defendants use of "fast growing trees" in connection with the "advertisement and sale of various plants" constitutes usage of the alleged mark "FAST GROWING TREES."  Plaintiff cannot now abandon this definition of infringement now that it is left with a serious problem: **<u>Defendant has been using the phrase "fast growing trees" in connection with the "advertisement and sale of various plants" in commerce since at least 1989—15 years before Plaintiff even existed</u>**.[4]  Plaintiff is bound to its pleadings and Defendant is entitled to summary judgment.

## II. <u>GROUNDS FOR SUMMARY JUDGMENT BASED ON PLAINTIFF'S ADMISSIONS IN ITS OPPOSITION TO SUMMARY JUDGMENT</u>

### A. <u>Defendant is Entitled to Summary Judgment as to the Uses Plaintiff Now Admits are Not "Use as a Mark"</u>

Plaintiff alleges in its Complaint the following as "Defendant's Infringement":

1. The use of "Fast Growing Trees" in a domain – www.tytyga.com/Fast-Growing-Trees-s/2171.htm[5]

---

[3] See Doc. 1, Complaint filed by Plaintiff, ¶¶ 23-24

[4] Though Plaintiff takes issue with the continuous use of "fast growing trees" by Defendant, even a cursory review of the website history or catalogs produced and attached to our Motion for Summary Judgment demonstrates that Defendant has always described trees that grow fast as fast growing. We attached the motion website captures all the way back to 1999. This shows that this page continued to display online since that time describing the trees as fast growing. Moreover, there were catalogs from 1989, 1991, and 1992, which shows that year after year Defendant has described trees that grow fast as "fast growing trees."  Thus, this argument is without merit.

[5] See Doc. 1, Complaint filed by Plaintiff, ¶¶ 19.

3

2. The use of "Fast Growing Trees" in a website banner. [6]

3. The use of "Fast Growing Trees" in multiple other places on the webpage attached to the Complaint – which includes only the terms "Fast Growing Flowering Trees," "Fast Growing Shade Trees," and "Fast Growing Shrubs." [7]

4. The use of the alleged mark in multiple places on Defendant's website and in connection with Defendant's advertisement and sale of various plants. [8]

5. The use of "Fastest Growing Trees" in a domain – www.tytyga.com/Fastest-Growing-Trees-s/2171.htm [9]

6. The use of "Fastest Growing Trees" in a website banner. [10]

Now, in response to summary judgment, Plaintiff admits that these uses are not infringing.

Plaintiff now alleges that the following uses **are not use as trademarks**:

1. Use "in text in sentences to describe individual productions." [11]

2. Use of "fast-growing, tolerant tree," "fast-growing small shade tree," and "the fastest-growing trees." [12]

3. Use of "fastest-growing tree we know," "tall, fast-growing spire-like columns," and "tall, fast growing shade tree forms a symmetrical pyramid." [13]

4. Descriptive and generic use of the phrase or phrases similar to "Fast Growing Trees," including variations such as "fastest growing trees."

---

[6] See Doc. 1, Complaint filed by Plaintiff, ¶¶ 20.

[7] See Doc. 1, Complaint filed by Plaintiff, ¶¶ 20.

[8] See Doc. 1, Complaint filed by Plaintiff, ¶¶ 23-24.

[9] Plaintiff alleges that Defendant did not cease and assist use even though the webpage was changed to www.tytyga.com/Fastest-Growing-Trees-s/2171.htm and banner was changed to Fastest Growing Trees. See Doc. 1, Complaint filed by Plaintiff, ¶¶ 25-26.

[10] *See* footnote 5.

[11] Plaintiff's Memorandum in Opposition, P. 4.

[12] Plaintiff's Memorandum in Opposition, P. 5.

[13] Plaintiff's Memorandum in Opposition, P. 9.

4

As such, Defendant is now entitled to summary judgment that the following do not infringe of Plaintiff's alleged mark:

1. The use of "Fast Growing Trees" in multiple other places on the webpage attached to the Complaint – which includes only the terms "Fast Growing Flowering Trees," "Fast Growing Shade Trees," and "Fast Growing Shrubs."

2. The use of the alleged mark in multiple places on Defendant's website and in connection with Defendant's advertisement and sale of various plants.

3. Use of the "Fastest Growing Trees," as it is not the precise term "fast growing trees."

The sole issue that now appears to remain is use of the phrase in a domain name and as a header that is capitalized.[14] This matter is an issue of law and subject to summary judgment. Defendant using "Fast Growing Trees" in a website link as a matter of law does not constitute infringement. This link on the website is merely describing the products sold – trees that grow fast. Moreover, capitalization has no bearing on use as a trademark. Plaintiff's own supplemental registration states:

**Supplemental Register**    THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

Thus, because captialization and use of a descriptive phrase in a website link do not change the character of the phrases Plaintiff admitted does not consitute infringement, Defendant is entitled to summary judgment.

## CONCLUSION

For all the foregoing reasons, Plaintiff's claims in its Complaint fail as a matter of fact and law. Defendant is entitled to Summary Judgment due to Plaintiff's own admissions. Moreover, because first use is an absolute bar to Plaintiff's Complaint and its allegations therein,

---

[14] Plaintiff's Memorandum in Opposition, P. 6.

5

this court must grant summary judgment on the issue of first use and dismiss the Complaint in its entirety. Further, because first use is conclusively established by Defendant's first usage of the mark at least 15 years prior to Plaintiff, Plaintiff cannot own any registration for the mark and this court is required to transfer ownership of the alleged mark to Defendant.

        Respectfully Submitted,

        McANGUS GOUDELOCK & COURIE, L.L.C.

        *s/Monica B. Towle*
        Brett H. Bayne, Bar No: 11857
        Monica Bracey Towle, Bar No: 12364
        Post Office Box 12519, Capitol Station
        Meridian, 1320 Main Street, 10th Floor (29201)
        Columbia, South Carolina 29211-2519
        (803) 779-2300

        ATTORNEYS FOR DEFENDANT, TYTY PLANT NURSERY, LLC

June 21, 2019